# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES A. WYATT,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security<br><br>    Defendant. | Case No.: 3:17-cv-00220-HDM-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 29 |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and Costs Pursuant to 28 U.S.C. § 1920. (ECF No. 29.) The Commissioner of Social Security did not file a response.

After a thorough review, it is recommended that the motion be granted.

## I. BACKGROUND

Plaintiff, represented by counsel, filed his complaint requesting review of the Commissioner's final decision. (ECF No. 1.) Plaintiff filed a motion to remand, and the Commissioner filed a response and cross-motion to affirm. (ECF Nos 16, 17. 18.) The undersigned issued a report and recommendation that Plaintiff's motion to remand be denied, and the Commissioner's cross-motion to affirm be granted. (ECF No. 20.) Plaintiff filed an objection. (ECF No. 21.) District Judge McKibben adopted and accepted the report and recommendation, and denied Plaintiff's motion for remand and granted the Commissioner's cross-motion to affirm

thereby affirming the final decision of the Commissioner, and entered judgment. (ECF Nos. 22, 23.) Plaintiff appealed. (ECF No. 24.) The parties subsequently stipulated that the matter be remanded to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g), and further stipulated that on remand the Appeals Council should issue a favorable decision finding Plaintiff disabled on his amended alleged onset date, December 9, 2015, which was the date he became an individual of advanced age. (*See* ECF No. 27.) Therefore, the appeal was dismissed. (*Id*.) Judge McKibben issued an order on the mandate. (ECF No. 28.)

Plaintiff now moves for fees as prevailing party under the EAJA in the amount of $11,881.35 and $905 in costs (the $400 filing fee in this action and the $505 filing fee in the Ninth Circuit) under 28 U.S.C. § 1920.

## II. LEGAL STANDARD

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "[F]ees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

Under the EAJA, attorney's fees are set at the market rate, but capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has set the applicable statutory maximum hourly rate under the EAJA, adjusted for increases in the cost of living by year.

///

## III. DISCUSSION

**A. Prevailing Party**

"[A]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits." *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)).

Here, Plaintiff obtained a sentence four remand and a favorable decision for Plaintiff by stipulation, as set forth in the Ninth Circuit's order and District Judge McKibben's order on the mandate. (ECF Nos. 27, 28.) Therefore, Plaintiff is the prevailing party.

**B. The Motion is Timely Filed**

A party seeking fees and costs under the EAJA must file the application within "thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" means "a judgment that is final and not appealable, and includes an order of settlement[.]" 28 U.S.C. § 2412(d)(2)(G). Therefore, a timely fee application must be filed within 30 days after a judgment that is final and not appealable. Under Federal Rule of Appellate Procedure 4(B), when one of the parties is a United States agency, an appeal may be filed within 60 days after entry of the order appealed from. Therefore, the 30-day EAJA timeframe would begin to run after the 60-day timeframe to appeal expires. In other words, the prevailing party has 90 days from the date the order is entered with a sentence four remand to file the EAJA application for fees and costs.

Here, the Ninth Circuit issued its order on September 10, 2018, and the order on the mandate issued two days later. This motion was filed within 90-days of entry of both of these orders; therefore, it was timely filed.

///

**C. Substantially Justified**

The government has the burden of showing that its position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citation omitted). "Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id*. (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id*. (quoting *Pierce*, 487 U.S. at 565). The "position of the United States" includes both "the position taken by the United States in the civil action' as well as the agency's action or inaction 'upon which the civil action is based.'" 28 U.S.C. § 2412(d)(2)(D). In the Social Security context, courts have treated the ALJ's decision as the underlying agency action. *Meier*, 727 F.3d at 870-71 (9th Cir. 2013).

"In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified'—not whether the ALJ would ultimately deny disability benefits." *Gardner v. Berryhill*, 856 F.3d 652, 656-57 (9th Cir. 2017) (citations omitted).

"While this circuit has been clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified, this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees." *Campbell v. Astrue*, 736 F.3d 867, 869 (9th Cir. 2013). "[I]t 'will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in … substantial … evidence in the record.'" *Id*. at 868 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). Success on the merits is not

dispositive, and the court must assess the justification of the Commissioner's position based on its reasonableness before the district court made its decision on the merits. *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017).

Here, the Commissioner did not present an argument that its position was substantially justified. Instead, the court is presented with the situation where the Commissioner stipulated to a finding that Plaintiff is disabled as of an amended alleged onset date, when he became an individual of advanced age. In light of this change of position and the fact that the Commissioner did not oppose this motion, the court finds the Commissioner's position was not substantially justified.

**D. Amount of Fees and Costs**

An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

The Ninth Circuit maximum statutory hourly rate for the work done was $196.79 in 2017, and $201.60 in 2018. *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039, last visited March 20, 2019. 31.4 hours were spent in 2017, and at a rate of $196.79, the total amount of fees for 2017 is $6,179.21. 28.4 hours were spent in 2018. At a rate of $201.60[1], the total amount of fees for 2018 is $5,725.44. For 2017 and 2018, the total amount of fees is $11,904.65.

The court finds the overall amount of fees spent in this matter to be reasonable.

Plaintiff also seeks to recover costs in the amount of $905 ($400 for the filing fee in this court, and $505 for the filing fee in the appellate court) under 28 U.S.C. § 1920. Under the EAJA, a judgment for costs, as set forth in 28 U.S.C. § 1920, "may be awarded to the prevailing party in

---

[1] Plaintiff references a rate of $200.78 in 2018, but as of March 20, 2019, the EAJA rate set by the Ninth Circuit for 2018 was $201.60

any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1).

28 U.S.C. § 1920 provides that the court may tax costs, including fees of the clerk. 28 U.S.C. § 1920(1). Federal Rule of Appellate Procedure 39(e) provides that the fee for filing the notice of appeal is taxable in the district court. Therefore, Plaintiff should be awarded costs in the amount of $905 for the filing fees paid to the district and appellate courts.

**E. May the Fees be Paid Directly to Counsel?**

The motion requests that the fees and costs be paid directly to counsel, indicating there has been an assignment by Plaintiff.

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court held that fee awards under the EAJA are the property of the claimant, who is the prevailing party, and not the attorney. To avoid the situation where fees and costs are paid to a claimant, and then an attorney is not paid for work done on the case, many Social Security attorneys ask their clients to assign their right to collect the fees to counsel, and this appears to be proper when there is no applicable government offset. *See Ratliff*, 560 U.S. at 597 (discussing the government's practice of doing this when there was no government offset). Here, there government does not assert that it is entitled to an offset; therefore, Plaintiff's assignment of the fee award is permissible, and the award may be paid directly to counsel. *See e.g. Oberg v. Comm'r. Soc. Sec. Admin.*, 6:14-cv-01839-SI, 2016 WL 1385294 (D. Or. Apr. 7, 2016) (awarding fees under EAJA to the plaintiff, and stating that if it is determined the fees are not subject to any offset, then the check should be made to counsel, based on the plaintiff's assignment of the amount to counsel).

///

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Plaintiff's motion and awarding fees to Plaintiff's counsel in the amount of $11,904.65, and costs in the amount of $905.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: March 21, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge